In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



 NO. 09-02-295 CR 


NO. 09-02-296 CR


____________________



MARVIN PATRICK HALL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 78974 and 84335






MEMORANDUM OPINION


 Marvin Hall entered a no contest plea in Cause No. 78974 to an indictment for the
third degree felony offense of possession of a controlled substance. Tex. Health &
Safety Code Ann. § 481.115 (a), (c) (Vernon Supp. 2003). The trial court deferred
adjudication of guilt, and on October 5, 2000, placed Hall on community supervision for
six years. 


 In a subsequent hearing, the trial court found that Hall violated the terms of the
community supervision order as alleged in the State's motion to adjudicate guilt. Pursuant
to a plea bargain agreement regarding the punishment to be assessed, the trial court
sentenced Hall to confinement in the Texas Department of Criminal Justice, Institutional
Division, for two years. 

 On the day Hall pleaded "true" in Cause No. 78974, Hall pleaded guilty in Cause
No. 84335 to an indictment for the state jail felony offense of possession of a controlled
substance. Tex. Health & Safety Code Ann. § 481.115 (a), (b) (Vernon Supp. 2003). 
Following a plea bargain agreement between Hall and the State, the trial court convicted
Hall and assessed punishment at two years of confinement in the Texas Department of
Criminal Justice, State Jail Division. The trial court ordered the sentences to be served
concurrently. 

 Appellate counsel filed briefs that conclude no arguable error is presented in these
appeals. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On November 21, 2002, we
granted Hall an extension of time in which to file a pro se brief. We received no response
from the appellant. Because the appeals involve the application of well-settled principles
of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.4.


 The general notices of appeal filed by Hall failed to invoke our appellate
jurisdiction. White v. State, 61 S.W.3d 424, 428-29 (Tex. Crim. App. 2001); Cooper v.
State, 45 S.W.3d 77, 78 (Tex. Crim. App. 2001). (1) 

 We have reviewed the clerk's records and the reporter's records, and find no
arguable error requiring us to order appointment of new counsel. Compare Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Hall raises no points of error over
which we have jurisdiction. Accordingly, we dismiss the appeals for want of jurisdiction.

 APPEALS DISMISSED. 


 PER CURIAM


Submitted on March 26, 2003

Opinion Delivered April 2, 2003 

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.










1. For appeals commenced before January 1, 2003, the notice of appeal must specify
that the appeal is for a jurisdictional defect, specify that the substance of the appeal was
raised by written motion and ruled on before trial, or state the trial court granted
permission to appeal. Tex. R. App. P. 25.2(b)(3).